IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ELIZABETH JENKINS,**

    Plaintiff,

vs.                                                                                          Civ. No. 03-522 ACT/WDS

**EDUCATIONAL CREDIT**
**MANAGEMENT CORPORATION,**

    Defendant.

**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** is before the Court on Defendant's Motion and Supporting Memorandum for Partial Summary Judgment on Count I of Plaintiff's Complaint filed September 8, 2004. Docket No. 58. Defendant, Educational Credit Management Corporation ("Defendant") is seeking a dismissal of Count I of Plaintiff's Complaint on the grounds that Plaintiff, Elizabeth Jenkins ("Plaintiff"), did not exhaust her administrative remedies and the Tenth Circuit has not recognized a cause of action for hostile work environment under the Age Discrimination in Employment Act ("ADEA"). Upon review of the pleadings and being otherwise advised in the premises, the Court finds that Defendant's Motion is well taken and will be granted.

      <u>Background</u>.

      Plaintiff was hired by Defendant in September of 2000 when Defendant opened a facility in Santa Fe, New Mexico. Defendant terminated Plaintiff's employment on February 4, 2002. Plaintiff

retained Dennis Montoya, Esq. as her legal counsel in March of 2002. On June 26, 2002, Plaintiff filed a Charge of Discrimination ("Charge") with the New Mexico Human Rights Division and the Equal Employment Opportunity Commission. In her Charge, Plaintiff stated as follows:

   I.   STATEMENT OF HARM:   I was hired on September 2000. On February 4, 2002 I was terminated in retaliation for having opposed a discriminatory act based on age discrimination.
   II.  RESPONDENT'S REASON FOR ADVERSE ACTION:   I was told that I was terminated because I did not get along with my manager and because I didn't support her.
   III. STATEMENT OF DISCRIMINATION:  I BELIEVE I HAVE BEEN DISCRIMINATED AGAINST BECAUSE OF my age 45 and retaliated against IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT AND THE NEW MEXICO HUMAN RIGHTS ACT.

Motion, Exh. 2.

Plaintiff also submitted an affidavit in support of her Charge, Motion, Exh. 4.

After its investigation, the New Mexico Human Rights Division issued its Determination of No Probable Cause on February 13, 2003. The EEOC issued a Dismissal and Notice of Rights on March 14, 2003. Plaintiff filed this lawsuit on May 2, 2003 alleging claims under Title VII, the Americans with Disability Act ("ADA") and the ADEA. Docket No. 1.

Plaintiff subsequently consented to dismissal of her claims under Title VII and the ADA, with prejudice. Docket No. 13. Plaintiff has filed a motion to set aside the dismissal of her Title VII claims.[1]

---

[1] The Court has not ruled on Plaintiff's Motion and Memorandum in Support of Motion to Vacate Magistrate Judge Schneider's Order [Doc. No. 13, Filed 10/20/03] and to Withdraw Stipulation of Dismissal as the briefing is not complete. The ruling on that Motion will not affect the ruling on this Motion as the Court finds that Plaintiff failed to exhaust her administrative remedies. Thus, even if Plaintiff's Title VII claim is reinstated, any Title VII claim she may assert for a hostile work environment would be dismissed for failure to exhaust her administrative remedies. Jones v. Runyon, 91 F.3d 1398, 1399 (10th Cir. 1996).

Summary judgment standard.

Summary judgment is proper if the movant demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Only disputes over facts that might affect the outcome of the suit under the applicable law will preclude summary judgment. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Discussion.

*ADEA claim.*

Count I of Plaintiff's Complaint alleges a claim for "Hostile Work Environment and otherwise in the form of harassing the Plaintiff, for Plaintiff's opposition to Age discrimination." Complaint, ¶26. The Tenth Circuit has not expressly recognized a cause of action for hostile work environment under the ADEA. However, the Tenth Circuit has considered a hostile work environment claim under the ADEA and found that the claim failed because the evidence submitted by the Plaintiff did not establish discriminatory intent. McKnight v. Kimberly Clark Corp., 149 F.3d 1125, 1129 (10th Cir. 1998). However, the Court but did not specifically address whether such a claim exists. Thus, the Court will assume, without deciding, that Plaintiff may assert a hostile work environment claim under the ADEA. Ellison v. Sandia National Laboratories, 192 F. Supp. 2d 1240 (D.N.M. 2002).

*Exhaustion of remedies.*

Plaintiff must exhaust her administrative remedies before bringing suit under the ADEA. 29 U.S.C. §626(d); Smith v. Bd. of County Com'rs of Johnson County, 96 F. Supp. 2d 1177, 1185 (D. Kan. 2000).

> The exhaustion requirement serves two purposes:  to give notice of the alleged violation to the charged party and to give the EEOC an opportunity to conciliate the claim.  [Citation

3

>    omitted.] Allowing a complaint to encompass allegations outside the ambit of the predicate charge would circumvent the administrative agency's investigatory and conciliatory role as well as deprive the charged party [of] notice of the charge.

Id. at 1185.

Failure to file an administrative ADEA claim before bring suit is jurisdictionally fatal. Id.

Plaintiff's claims in a lawsuit are restricted to those that are asserted in the charge and those that are "reasonablely related" to the allegations listed in the charge. Aramburu v. Boeing Co., 112 F.3d 1398, 1411 (10th Cir 1997). A claim is considered "reasonably related" when the "conduct complained of would fall within the scope of the [administrative] investigation which can reasonably be expected to grow out of the charge that was made." Deravin v. Kerik, 335 F.3d 195, 200-01 (2nd Cir. 2003) (quotation omitted).

To lay a factual foundation for a hostile work environment claim, Plaintiff must allege facts indicating a workplace "permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." Davis v. United States Postal Serv., 142 F.3d 1334, 1341 (10th Cir. 1998) (quotation omitted). Plaintiff's EEOC charge contains no factual allegations of treatment in the manner or degree sufficient to allege a hostile work environment. Plaintiff did not use the words "hostile work environment" or "harassment" in her Charge and the Charge did not give any indication of a workplace "permeated with discriminatory intimidation, ridicule, and insult..." Id; Contreras v. Ridge, 305 F. Supp. 2d 126, 134 (D.D.C. 2004). Moreover, the words "harassment" and "hostile work environment" do not appear in the Questionnaire provided to Defendant. Motion, Exh.3B. Rather, in that document it states that "[t]he Charging Party alleges that she was terminated in retaliation for having opposed a retaliatory act by Jennifer Wise and Harrison." Id. Again, in her Affidavit filed with the Human Rights Division, Plaintiff states that she "believe[s] [she has] been

4

discrimnated against because of [her] Age, 45 and retaliated against, in violation of The Age Discrimination in Employment Act and The New Mexico Human Rights Act..." Motion, Exh. 4. "I got terminated because I did not approve of what she was doing and because of my age." Id. It appears that the first time an allegation of "harassment" or "hostile work environment" was made was in Plaintiff's Complaint.

In her response, Plaintiff did not dispute any of Defendant's undisputed facts. Nor did Plaintiff argue that she exhausted her administrative remedies. Rather, Plaintiff asserts that Defendant waived its right because it did not plead failure to exhaust administrative remedies as an affirmative defense. Plaintiff's argument is, at best, disingenuous. It is undisputed that the Tenth Circuit has held that exhaustion of administrative remedies is a jurisdictional prerequisite to an ADEA lawsuit. McCall v. Board of Com'rs of City of Shawnee, KS 291 F. Supp. 2d 1216, 1221 (D. Kan. 2003). Thus, any failure to plead this defense is not a waiver of the defense. Moreover, Defendant specifically asserted in its Answer two affirmative defenses concerning exhaustion of remedies. Defendant's Fifth Affirmative Defense states that "Plaintiff's claims are barred in whole or in part by failure to exhaust administrative remedies" and Defendant's Sixth Affirmative Defense states that "Plaintiff's claims are barred in whole or in part by failure to allege those claims in administrative proceedings that preceded the filing of this litigation." Answer, ¶¶ 35 and 36.

Conclusion.

Plaintiff failed to exhaust her administrative remedies prior to asserting a hostile work environment and harassment claim. Thus, the Court will grant Defendant summary judgment on Count I of Plaintiff's Complaint.

**IT IS THEREFOR ORDERED** that Count I of Plaintiff's Complaint is dismissed with prejudice.

_____
**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ELIZABETH JENKINS,**

       Plaintiff,

vs.                                                      Civ. No. 03-522 ACT/WDS

**EDUCATIONAL CREDIT**
**MANAGEMENT CORPORATION,**

       Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court on Defendant's Motion and Supporting Memorandum for Partial Summary Judgment on Count I of Plaintiff's Complaint filed September 8, 2004. Docket No. 58. Defendant, Educational Credit Management Corporation ("Defendant") is seeking a dismissal of Count I of Plaintiff's Complaint on the grounds that Plaintiff, Elizabeth Jenkins ("Plaintiff"), did not exhaust her administrative remedies and the Tenth Circuit has not recognized a cause of action for hostile work environment under the Age Discrimination in Employment Act ("ADEA"). Upon review of the pleadings and being otherwise advised in the premises, the Court finds that Defendant's Motion is well taken and will be granted.

<u>Background</u>.

Plaintiff was hired by Defendant in September of 2000 when Defendant opened a facility in Santa Fe, New Mexico. Defendant terminated Plaintiff's employment on February 4, 2002. Plaintiff

retained Dennis Montoya, Esq. as her legal counsel in March of 2002.  On June 26, 2002, Plaintiff filed a Charge of Discrimination ("Charge") with the New Mexico Human Rights Division and the Equal Employment Opportunity Commission.  In her Charge, Plaintiff stated as follows:

> I. STATEMENT OF HARM:   I was hired on September 2000.  On February 4, 2002 I was terminated in retaliation for having opposed a discriminatory act based on age discrimination.
> II. RESPONDENT'S REASON FOR ADVERSE ACTION:   I was told that I was terminated because I did not get along with my manager and because I didn't support her.
> III. STATEMENT OF DISCRIMINATION:  I BELIEVE I HAVE BEEN DISCRIMINATED AGAINST BECAUSE OF my age 45 and retaliated against IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT AND THE NEW MEXICO HUMAN RIGHTS ACT.

Motion, Exh. 2.

Plaintiff also submitted an affidavit in support of her Charge, Motion, Exh. 4.

After its investigation, the New Mexico Human Rights Division issued its Determination of No Probable Cause on February 13, 2003.  The EEOC issued a Dismissal and Notice of Rights on March 14, 2003.  Plaintiff filed this lawsuit on May 2, 2003 alleging claims under Title VII, the Americans with Disability Act ("ADA") and the ADEA.  Docket No. 1.

Plaintiff subsequently consented to dismissal of her claims under Title VII and the ADA, with prejudice.  Docket No. 13.  Plaintiff has filed a motion to set aside the dismissal of her Title VII claims.[1]

---

[1] The Court has not ruled on Plaintiff's Motion and Memorandum in Support of Motion to Vacate Magistrate Judge Schneider's Order [Doc. No. 13, Filed 10/20/03] and to Withdraw Stipulation of Dismissal as the briefing is not complete.  The ruling on that Motion will not affect the ruling on this Motion as the Court finds that Plaintiff failed to exhaust her administrative remedies.  Thus, even if Plaintiff's Title VII claim is reinstated, any Title VII claim she may assert for a hostile work environment would be dismissed for failure to exhaust her administrative remedies. Jones v. Runyon, 91 F.3d 1398, 1399 (10th Cir. 1996).

Summary judgment standard.

Summary judgment is proper if the movant demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Only disputes over facts that might affect the outcome of the suit under the applicable law will preclude summary judgment. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Discussion.

*ADEA claim.*

Count I of Plaintiff's Complaint alleges a claim for "Hostile Work Environment and otherwise in the form of harassing the Plaintiff, for Plaintiff's opposition to Age discrimination." Complaint, ¶26. The Tenth Circuit has not expressly recognized a cause of action for hostile work environment under the ADEA. However, the Tenth Circuit has considered a hostile work environment claim under the ADEA and found that the claim failed because the evidence submitted by the Plaintiff did not establish discriminatory intent. McKnight v. Kimberly Clark Corp., 149 F.3d 1125, 1129 (10th Cir. 1998). However, the Court but did not specifically address whether such a claim exists. Thus, the Court will assume, without deciding, that Plaintiff may assert a hostile work environment claim under the ADEA. Ellison v. Sandia National Laboratories, 192 F. Supp. 2d 1240 (D.N.M. 2002).

*Exhaustion of remedies.*

Plaintiff must exhaust her administrative remedies before bringing suit under the ADEA. 29 U.S.C. §626(d); Smith v. Bd. of County Com'rs of Johnson County, 96 F. Supp. 2d 1177, 1185 (D. Kan. 2000).

> The exhaustion requirement serves two purposes: to give notice of the alleged violation to the charged party and to give the EEOC an opportunity to conciliate the claim. [Citation

3

>omitted.] Allowing a complaint to encompass allegations outside the ambit of the predicate charge would circumvent the administrative agency's investigatory and conciliatory role as well as deprive the charged party [of] notice of the charge.

Id. at 1185.

Failure to file an administrative ADEA claim before bring suit is jurisdictionally fatal. Id.

Plaintiff's claims in a lawsuit are restricted to those that are asserted in the charge and those that are "reasonablely related" to the allegations listed in the charge. Aramburu v. Boeing Co., 112 F.3d 1398, 1411 (10th Cir 1997). A claim is considered "reasonably related" when the "conduct complained of would fall within the scope of the [administrative] investigation which can reasonably be expected to grow out of the charge that was made." Deravin v. Kerik, 335 F.3d 195, 200-01 (2nd Cir. 2003) (quotation omitted).

To lay a factual foundation for a hostile work environment claim, Plaintiff must allege facts indicating a workplace "permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." Davis v. United States Postal Serv., 142 F.3d 1334, 1341 (10th Cir. 1998) (quotation omitted). Plaintiff's EEOC charge contains no factual allegations of treatment in the manner or degree sufficient to allege a hostile work environment. Plaintiff did not use the words "hostile work environment" or "harassment" in her Charge and the Charge did not give any indication of a workplace "permeated with discriminatory intimidation, ridicule, and insult..." Id; Contreras v. Ridge, 305 F. Supp. 2d 126, 134 (D.D.C. 2004). Moreover, the words "harassment" and "hostile work environment" do not appear in the Questionnaire provided to Defendant. Motion, Exh.3B. Rather, in that document it states that "[t]he Charging Party alleges that she was terminated in retaliation for having opposed a retaliatory act by Jennifer Wise and Harrison." Id. Again, in her Affidavit filed with the Human Rights Division, Plaintiff states that she "believe[s] [she has] been

4

discrimnated against because of [her] Age, 45 and retaliated against, in violation of The Age Discrimination in Employment Act and The New Mexico Human Rights Act..." Motion, Exh. 4. "I got terminated because I did not approve of what she was doing and because of my age." Id. It appears that the first time an allegation of "harassment" or "hostile work environment" was made was in Plaintiff's Complaint.

In her response, Plaintiff did not dispute any of Defendant's undisputed facts. Nor did Plaintiff argue that she exhausted her administrative remedies. Rather, Plaintiff asserts that Defendant waived its right because it did not plead failure to exhaust administrative remedies as an affirmative defense. Plaintiff's argument is, at best, disingenuous. It is undisputed that the Tenth Circuit has held that exhaustion of administrative remedies is a jurisdictional prerequisite to an ADEA lawsuit. McCall v. Board of Com'rs of City of Shawnee, KS 291 F. Supp. 2d 1216, 1221 (D. Kan. 2003). Thus, any failure to plead this defense is not a waiver of the defense. Moreover, Defendant specifically asserted in its Answer two affirmative defenses concerning exhaustion of remedies. Defendant's Fifth Affirmative Defense states that "Plaintiff's claims are barred in whole or in part by failure to exhaust administrative remedies" and Defendant's Sixth Affirmative Defense states that "Plaintiff's claims are barred in whole or in part by failure to allege those claims in administrative proceedings that preceded the filing of this litigation." Answer, ¶¶ 35 and 36.

Conclusion.

Plaintiff failed to exhaust her administrative remedies prior to asserting a hostile work environment and harassment claim. Thus, the Court will grant Defendant summary judgment on Count I of Plaintiff's Complaint.

**IT IS THEREFOR ORDERED** that Count I of Plaintiff's Complaint is dismissed with prejudice.

_____
**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**