# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**ELIZABETH JENKINS,**

      Plaintiff,

vs.                              Civ. No. 03-522 ACT/WDS

**EDUCATIONAL CREDIT
MANAGEMENT CORPORATION,**

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's Motion and Memorandum in Support of Motion to Vacate Magistrate Judge Schneider's Order [Doc No. 13, filed 10/20/03] and to Withdraw Stipulation of Dismissal (Docket No. 60), the Court's Order to Show Cause filed October 21, 2004 (Docket No. 74), Defendant Educational Credit Management Corporation's Motion to Dismiss in Part filed September 9, 2003 (Docket No. 5), Plaintiff's Motion and Memorandum in Support of Motion to Vacate Magistrate Judge Schneider's Order filed September 8, 2004 (Docket No. 60). Upon review of the pleadings and being otherwise advised in the premises, the Court finds that Defendant Educational Credit Management Corporation's Motion to Dismiss in Part is well taken and Plaintiff's Motion and Memorandum in Support of Motion to Vacate Magistrate Judge Schneider's Order is moot.

Background.

Plaintiff was hired by Defendant in September of 2000 when Defendant opened a facility in Santa Fe, New Mexico.  Defendant terminated Plaintiff's employment on February 4, 2002.  Plaintiff retained Dennis Montoya, as her legal counsel in March of 2002.  On June 26, 2002, Plaintiff filed a Charge of Discrimination ("Charge") with the New Mexico Human Rights Division ("HRD") and the Equal Employment Opportunity Commission ("EEOC").  In her Charge, Plaintiff stated as follows:

I.     STATEMENT OF HARM:   I was hired on September 2000.  On February 4, 2002 I was terminated in retaliation for having opposed a discriminatory act based on age discrimination.

II.    RESPONDENT'S REASON FOR ADVERSE ACTION:   I was told that I was terminated because I did not get along with my manager and because I didn't support her.

III.   STATEMENT OF DISCRIMINATION:  I BELIEVE I HAVE BEEN DISCRIMINATED AGAINST BECAUSE OF my age 45 and retaliated against IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT AND THE NEW MEXICO HUMAN RIGHTS ACT.

Motion to Dismiss in Part, Exh. 1.  Plaintiff also submitted an affidavit in support of her Charge, Reply to Motion to Dismiss in Part,  Exh. 6.

After its investigation, HRD issued its Determination of No Probable Cause on February 13, 2003.  The EEOC issued a Dismissal and Notice of Rights letter on March 14, 2003.  Plaintiff filed this lawsuit on May 2, 2003 alleging claims under Title VII,  the Americans with Disability Act ("ADA") and the Age Discrimination in Employment Act ("ADEA").  Docket No. 1.

Plaintiff subsequently consented to dismissal of her claims under Title VII and the ADA, with prejudice.  Docket No. 13.  Plaintiff has filed a motion to set aside the dismissal of her Title VII claims alleging that the stipulation was made in error.  Plaintiff has conceded that she has no

ADA claim.  Response, p. 1.

Legal standard.

Rule 12 of the Federal Rules of Civil Procedure provides that:

Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:  (1)  lack of jurisdiction over the subject matter....

Fed.R.Civ.P. 12(b)(1).   The Tenth Circuit has held that "[e]xhaustion of administrative remedies is a 'jurisdictional prerequisite' to suit under Title VII."  Jones v. Runyon, 91 F.3d 1398, 1399 (10th Cir. 1996), *cert. denied* 520 U.S. 1115 (1997).

 Discussion.

Title VII of the Civil Rights Act of 1964 makes it an "unlawful employment practice for an employer to...discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin" and to retaliate against an individual for engaging in protected opposition to discrimination on the basis of race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1). Plaintiff must exhaust her administrative remedies before bringing suit under Title VII.[1]    Aramburu v. Boeing Co., 112 F.3d 1398, 1409 (10th Cir. 1997).

The exhaustion requirement serves two purposes:  to give notice of the alleged violation

---

[1]In their briefs both parties discuss only race discrimination under Title VII.  Race is not specifically mentioned in the Complaint or in the stipulated order at issue. Whether or not race is the only basis for Plaintiff's claim does not matter since Plaintiff did not exhaust her administrative remedies as to any Title VII claim.

to the charged party and to give the EEOC an opportunity to conciliate the claim. [Citation omitted.] Allowing a complaint to encompass allegations outside the ambit of the predicate charge would circumvent the administrative agency's investigatory and conciliatory role as well as deprive the charged party [of] notice of the charge.

<u>Smith v. Bd. of County Com'rs of Johnson County</u>, 96 F. Supp. 2d 1177, 1185 (D. Kan. 2000).

Plaintiff's claims in a lawsuit are restricted to those that are asserted in the Charge and those that are "reasonably related" to the allegations listed in the charge. <u>Aramburu,</u> 112 F.3d at 1411. A claim is considered "reasonably related" when the "conduct complained of would fall within the scope of the [administrative] investigation which can reasonably be expected to grow out of the charge that was made." <u>Deravin v. Kerik</u>, 335 F.3d 195, 200-01 (2nd Cir. 2003) (quotation omitted).

The issue in this matter is whether Plaintiff exhausted her administrative remedies as to a claim of retaliatory discharge under Title VII. Plaintiff asserts in her Motion to Vacate Judge Schneider's Order that "after deeper investigation and further review" the stipulation dismissing this claim was made in error. Motion to Vacate, p. 2. However, Plaintiff did not provide any facts or reasoning in support of this statement. In Plaintiff's Response to the Show Cause Order (Docket No. 77), Plaintiff did not provide any additional facts. In Plaintiff's Response to Motion to Dismiss (Docket No. 78), Plaintiff again did not provide any additional facts. Rather, Plaintiff continues to rely on the fact that in the Charge, an employee of HRD checked the Title VII "box" in the Notice of Charge of Discrimination. However, a review of the undisputed facts below demonstrate that Plaintiff did not assert a claim of retaliation for complaining of any discrimination protected under Title VII in her Charge and that such a claim is not reasonably related to the allegations in her Charge.

Plaintiff's Charge contains no factual allegations concerning race, color, religion, sex, or

4

national origin.  Plaintiff did not use the words race, color, religion, sex, or national origin in her Charge or give any indication that her Charge involved allegations of discrimination protected under Title VII.  Rather, in her Charge Plaintiff states that she was "terminated in retaliation of having opposed a discriminatory act based on age discrimination" and "BECAUSE OF my age 45."  Motion to Dismiss in Part, Exh. 1.  In her Affidavit filed with HRD Plaintiff gave no indication that she was asserting a claim for retaliation for complaining about any discrimination protected under Title VII.  In that document Plaintiff states that she "believe[s] [she has] been discriminated against because of [her] Age, 45 and retaliated against, in violation of The Age Discrimination in Employment Act and The New Mexico Human Rights Act..."   Reply to Motion to Dismiss in Part, Exh. 6.  "I got terminated because I did not approve of what she was doing and because of my age."  Id.

The HRD sent a letter to Defendant requesting that it respond to the Charge and enclosed a Questionnaire.  Reply to Motion to Dismiss in Part, Exh. 3B of Exh. 4.  In the Questionnaire, the HRD requested that Defendant provide information regarding the age or date of birth of all employees from August 2001 through August 2002.  Exh. 3B of Exh. 4.  Defendant was not asked to submit any information regarding the race, color religion, sex, or national origin of its employees because no allegations of discrimination or retaliation for complaining about discrimination protected under Title VII was raised in the Charge.  In its Determination of No Probable Cause HRD stated "[a]fter considering all the evidence submitted by the parties to the Division, I find the evidence insufficient to show that Respondent unlawfully discriminated against you on the basis of Age.  Therefore I have determined NO PROBABLE CAUSE exists to believe that discrimination occurred, and I am hereby DISMISSING, with prejudice the above-reference complaint."  Reply to Motion to Dismiss in Part, Exh. 3D of Exh. 4.

Plaintiff's reliance on <u>Steffen v. Meridan Life Ins. Co.</u>, 859 F.2d 534 (7th Cir. 1988) is misplaced. Plaintiff relies on the part of the decision in which the Court ruled that an intake questionnaire completed by the plaintiff satisfied the requirement that a charge be timely filed with the administrative agency. <u>Id</u>. at 541. The Court ruled that it satisfied the requirement because it was in writing, named the prospective respondent and generally alleged the discriminatory act. <u>Id</u>. at 542. The Court then addressed the issue of exhaustion of administrative remedies based on the allegations in the intake questionnaire. <u>Id</u>. at 544. The Court, in affirming summary judgment on plaintiff's retaliatory discharge claim, stated that the retaliation claim injected a new theory of liability into the case that did not fall within the scope of the charge submitted to the EEOC. <u>Id</u>. at 545.

In her response to the Show Cause Order Plaintiff asserts that the Court is not bound by a stipulation of law. Plaintiff is correct that "a court is not bound by stipulations of the parties as to questions of law." <u>Koch v. United States</u>, 47 F.3d 1015, 1019 (10th Cir. 1995). However, the Court has ruled on the merits, and therefore does not have to reach the question of whether Plaintiff should be bound by the stipulation.

<u>Conclusion</u>.

Plaintiff's alleged claim of retaliation under Title VII was not raised in her Charge and is not reasonably related to the allegations in her Charge. It is undisputed that the Tenth Circuit has held that exhaustion of administrative remedies is a jurisdictional prerequisite to a Title VII lawsuit. <u>Jones</u>, 91 F.3d at 1399-1401. Thus, Plaintiff's claim under Title VII for retaliation will be dismissed with prejudice.

**IT IS THEREFORE ORDERED** that Defendant Educational Credit Management Corporation's Motion to Dismiss in Part (Docket No. 5) is granted and Plaintiff's ADA and Title VII

claims are dismissed with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion and Memorandum in Support of

Motion to Vacate Magistrate Judge Schneider's Order [Doc. No. 13, filed 10/20/03] and to

Withdraw Stipulation of Dismissal (Docket No. 60) is denied as moot.

**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**

7