IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ELIZABETH JENKINS,**

    Plaintiff,

vs.                                            Civ. No. 03-522 ACT/WDS

**EDUCATIONAL CREDIT
MANAGEMENT CORPORATION,**

    Defendant.

**MEMORANDUM OPINION AND ORDER**

    **THIS MATTER** is before the Court on Defendant's Motion and Supporting Memorandum for Partial Summary Judgment on Count II of Plaintiff's Complaint filed September 8, 2004. Docket No. 59. Defendant is seeking a dismissal of Count II which alleges a claim for wrongful discharge under the Age Discrimination in Employment Act ("ADEA").

Background.

    The following facts are undisputed. Plaintiff was hired by Defendant, Educational Credit Management Corporation ("ECMC"), in September of 2000, as part of a mass hiring that took place when Defendant opened a facility in Santa Fe, New Mexico. Plaintiff was hired as a supervisor and subsequently promoted to manager of document control and records. Plaintiff was initially supervised by J. Hamlin Sjoberg ("Sjoberg"). Jennifer Wise ("Wise") was hired by Defendant on April 1, 2001 as President of the ECMC Foundation and had operational control over the Santa Fe facility. Wise

1

became Plaintiff's supervisor. In the summer of 2001, Plaintiff and Wise went to lunch and discussed various matters relating to the office. Plaintiff agrees there was a discussion that because Plaintiff had family and friends employed by the Defendant, there could be a perception of favoritism. Response, p. 2.

In August of 2001, Karen Ritchie ("Ritchie"), a HR generalist, reported to Amy Spartz ("Spartz"), Vice President of Human Resources, that she was getting feedback from Wise and other employees that they were having problems with Plaintiff's management style and abilities. Spartz requested that Ritchie meet with each employee in the Santa Fe facility and assess the current work environment. Spartz became concerned about the number of employees who expressed dissatisfaction with Plaintiff's conduct and management style and discussed her concerns with Wise in August of 2001.

Defendant delayed discussing with Plaintiff its concerns about her job performance because Plaintiff's mother had passed away in September of 2001, which caused Plaintiff to be out of her office for part of September of 2001. Plaintiff was also out of the office for a significant period of time in October of 2001, as she was in Montreal and Washington, D.C. On November 1, 2001 Ritchie prepared a memorandum to Spartz and Wise summarizing her meetings with employees. The criticism of Plaintiff was that she was not fair and showed favoritism to family members and another employee Plaintiff had worked with previously. Motion, Ex. 2A.

In late summer/early fall of 2001, Defendant was evaluating whether to reduce the number of staff in the Santa Fe facility. Wise requested that the supervisors rank the staff members they supervised, essentially determining who they could do without. In a November 1, 2001 e-mail, Lori Harrison placed Carol Shaw as the last employee on her list. In a November 1, 2001 e-mail, Linda

Humphreys placed Isabel Martinez last on her list. Plaintiff was copied on both of these e-mails.

In early November of 2001, management employees at Defendant's Santa Fe facility were also in the process of writing performance evaluations for the employees they supervised. When Wise and Plaintiff discussed the staff evaluations, Wise did not believe that the satisfactory evaluation given to Shaw and Martinez were appropriate, given their lack of performance. Plaintiff told Wise that it was her belief that a poor evaluation would constitute a form of age discrimination, because Shaw and Martinez were over 40. Plaintiff also expressed her belief that Wise was discriminating against another employee on the basis of age, Patricia Ochoa.

On November 30, 2001, Wise and Ritchie met with Plaintiff to discuss the issues that had been raised concerning Plaintiff's job performance. Plaintiff was given a verbal warning documented in a written memorandum dated December 13, 2001. The written memorandum summarized concerns regarding Plaintiff's intimidating style, perceived favoritism, miscommunication and poor judgment. Motion, Ex. 5. Plaintiff responded on December 18, 2001. In a memorandum dated December 19, 2001, Wise provided Plaintiff with a summary of her expectations for Plaintiff. On December 28, 2001, Plaintiff was presented with a Performance Improvement Plan ("PIP"). The PIP included an agreement that Wise would reevaluate Plaintiff's progress on February 4, 2002. Motion, Ex. 2G. The PIP also states that "[i]f substantial improvement has not been shown by Liz, at this time, according to Jenny, a written warning will be given documenting the lack of progress." Motion, Ex. 7. On January 3, 2002, Wise signed a performance evaluation with an effective date of January 1, 2002. Plaintiff was given an overall evaluation of "unsatisfactory." On January 17, 2002, Wise and Ritchie met with Plaintiff to discuss Plaintiff's performance. During the January 17, 2002 meeting, Ritchie conveyed to Plaintiff that, as requested by Plaintiff, Ritchie had gone back and obtained

feedback from the individuals Plaintiff supervised regarding their perceptions of Plaintiff. Their perceptions were the same as had been stated in Ritchie's November 1, 2001 memorandum.[1] On January 17, 2002, Wise told the Plaintiff that her performance had not made any significant improvement. Motion, Ex. 2G. Plaintiff left for vacation on January 18, 2002 and did not return until February 4, 2002. Plaintiff's employment was terminated on February 4, 2002.

Legal standard.

Summary judgment is proper if the movant demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to judgment as a matter of law." Fed. R.Civ.P 56(c). Only disputes over facts that might affect the outcome of the suit under the applicable law will preclude summary judgment. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

ADEA.

The ADEA prohibits an employer from discriminating against an employee because that employee "has opposed any practice made unlawful" by the ADEA. 29 U.S.C. § 623(d). To establish a *prima facie* case of retaliation, Plaintiff must show that (1) she engaged in protected opposition to age discrimination; (2) after or contemporaneously with such opposition, defendant took adverse action against her; and (3) a causal connection exists between the protected activity and the adverse employment action. Williams v. Rice, 983 F.2d 17, 181 (10th Cir. 1993). If the plaintiff establishes a *prima facie* case of retaliation, the burden shifts to the defendant to articulate a legitimate nondiscriminatory reason for the adverse action. Once the defendant states a legitimate reason for its action, plaintiff can prevail only by demonstrating that the articulated reason was merely

---

[1] Plaintiff claims she did not see the November 1, 2001 memorandum until her deposition. Response, Ex. A.

a pretext for discrimination.  Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 254 (1981).  A Plaintiff must produce either direct evidence of discrimination or indirect evidence that the Defendant's proffered reason was a pretext for discrimination.  Selenke v. Med. Imaging of Colo., 248 F.3d 1249, 1260 (10th Cir. 2001).  "Pretext can be shown by such weaknesses, implausabilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence and hence infer that the employer did not act for the asserted non-discriminatory reasons."  Hardy v. S.F. Phosphates Ltd. Co., 185 F.3d 1076, 1080 (10th Cir. 1999).

Discussion.

Defendant does not dispute for purposes of this motion that Plaintiff can establish a *prima facie* case[2] and asserts that it has a legitimate non-discriminatory reason for terminating Plaintiff's employment and Plaintiff has failed to meet her burden of proof that this reason was a pretext for discrimination.  Plaintiff asserts that Defendant's did not demonstrate a legitimate non-discriminatory reason because Defendant's reasons were not sufficiently clear and specific.  Plaintiff further asserts that she has shown that the reason given is a pretext for discrimination.

*Legitimate non-discriminatory reason.*

Plaintiff is correct in that the proffered reason for an employer's action must be reasonably specific and clear.   Placing this burden on the Defendant "serves...to frame the factual issue with

---

[2] Motion, p. 6, footnote 2.

sufficient clarity so that the plaintiff will have a full and fair opportunity to demonstrate pretext." Burdine, 450 U.S. at 254. "To accomplish this, the defendant must clearly set forth, through the introduction of admissible evidence, the reasons for [its decision]." Burdine, 450 U.S. at 253. Defendant has met this burden.

Defendant's claimed legitimate non-discriminatory reason for terminating Plaintiff was her unsatisfactory job performance. Defendant set forth admissible evidence in the form of the affidavit of Spartz, Plaintiff's evaluation, documentation of Plaintiff's verbal warning, a PIP, and Plaintiff's own deposition testimony. Defendant submitted the November 1, 2001 memorandum prepared by Ritchie which noted that many employees had raised concerns about Plaintiff's job performance. The fact that Ritchie did not name names in the memorandum or at her deposition does not make Defendant's evidence unclear or non-specific. Plaintiff was subsequently advised of specific complaints and submitted a memorandum in response to the specific complaints.[3] Plaintiff was clearly on notice that she was terminated for unsatisfactory job performance as outlined by the evidence and documents above. Thus, Defendant satisfied its burden of setting forth admissible evidence of a legitimate, non-discriminatory reason for the employment action. Bolton v. Scrivner, Inc. 36 F.3d 939, 944 (10th Cir. 1994)("Scrivner, thus, satisfied its burden of articulating a 'facially nondiscriminatory' reason for its employment decision--a reason 'that is not on its face prohibited by' the ADEA."). It then becomes Plaintiff's burden to supply evidence of pretext.

*Pretext.*

Plaintiff asserts that she has demonstrated pretext because Plaintiff's former supervisor, Sjoberg, recommended Plaintiff receive a bonus and had given her a satisfactory evaluation;

---

[3] Motion, Ex. 9.

Defendants reliance on subjective criteria entitles Plaintiff to an inference of discrimination; and that Wise's notation on Spartz' statement regarding how to deal with Plaintiff is direct evidence of discrimination.

Plaintiff is correct that contemporaneous positive statements made by the same person who then stated that the plaintiff's job performance was unsatisfactory may show pretext. Cole v. Ruidoso Mun. Schools, 43 F.3d 1373, 1380 (10th Cir. 1994). However, the recommendation for a bonus and satisfactory evaluation relied on by Plaintiff occurred in March and April 2001, ten and eleven months prior to the termination of Plaintiff's employment. Moreover, the evaluation and bonus were recommended by Sjoberg and not Wise, who made the determination to terminate Plaintiff. Plaintiff did not produce any contemporaneous positive statements made by Wise. Rather, the undisputed evidence is that the contemporaneous verbal and written statements made by Wise concerning Plaintiff's job performance demonstrate Wise's dissatisfaction with Plaintiff's job performance.

Plaintiff does not state what criteria she believes were subjective and entitle her to an inference of discrimination. Moreover, this inference is used in disparate impact cases. In a disparate impact case, a plaintiff claims she has been treated differently from other similarly situated employees. Hysten v. Burlington Northern and Santa Fe. Ry. Co., 296 F.3d 1177, 1182 (10th Cir. 2002). This is not a disparate impact case.

Finally, Plaintiff states that Exhibits C-1 and C-2 are direct evidence of discrimination. Plaintiff asserts that these documents show that Ritchie, Wise and Spartz "sought to create a reason for Ms. Jenkins' termination." Response, p. 10. These documents do provide circumstantial evidence that may allow a jury to determine that the stated reasons for Plaintiff's termination were pretextual. Plaintiff's claim that the reason for her termination was pretextual is also supported by

7

the undisputed fact that she received a favorable performance evaluation from her prior supervisor including a comment that Plaintiff had "developed a good working relationship with all staff members" and that she "was objective and fair when dealing with employee issues." Response, Ex. A-2.

Moreover, the Court is troubled that in spite of the alleged complaints investigated by Ritchie and documented in a Summary of Verbal Warning, dated December 13, 2001 (Motion, Ex. 5) the Plaintiff was told in her PIP dated December 28, 2001 that she would be re-evaluated on February 4, 2002 and again on February 28, 2002 (Motion, Ex. 7). Plaintiff then received an unsatisfactory evaluation dated January 3, 2002. Ex. 2E. Plaintiff also claims that at the meeting with Ritchie and Wise on January 17, 2002 she was told that they would revisit the issues they had discussed on February 8, 2002 after she returned from her vacation. On January 18, 2002, the day after her meeting with Ritchie and Wise, Plaintiff left for vacation. When she returned to work on February 4, 2002, she was fired. Motion, Ex. 1. Defendant offers no evidence or reason for not giving Plaintiff the previously offered opportunity to improve her performance and discuss the issues raised at a later date. A trier of fact could infer from these facts that Plaintiff's termination was "inevitable" as early as December 1, 2001, after she engaged in the protected activity but before she received the verbal warning, PIP and unsatisfactory performance evaluation. Response, Ex. C. At the very least, these facts without further clarification show an inconsistency or contradiction in Defendant's legitimate reasons for its action "that a reasonable factfinder could rationally find...unworthy of credence and hence infer that the employer did not act for the asserted non-discriminatory reasons." Hardy, 185 F.3d at 1080.

**IT IS THEREFORE ORDERED** that Defendant's Motion and Supporting Memorandum

for Partial Summary Judgment on Count II of Plaintiff's Complaint is denied.

                                                                                              _____
**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**