IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ELIZABETH JENKINS,**

    Plaintiff,

vs.                                            Civ. No. 03-522 ACT/WDS

**EDUCATIONAL CREDIT
MANAGEMENT CORPORATION,**

    Defendant.

**MEMORANDUM OPINION AND ORDER**

    **THIS MATTER** is before the Court on Plaintiff's Motion in Limine No. 1 [Motion to Strike Correction Page of Jennifer Wise], filed November 21, 2004 (Docket No. 87) and Plaintiff's Motion in Limine No. 2 [Motion to Exclude Len Metheny from Testifying at Trial], filed November 22, 2004 (Docket No. 88). Upon review of the pleadings and being otherwise advised in the premises, the Court finds that Plaintiff's Motions are well taken and will be granted.

    *Motion to Strike Correction Page of Jennifer Wise*.

    Jennifer L. Wise ("Wise") was deposed on August 30, 2004. In her correction sheet, Wise made ten corrections to her deposition testimony. At issue in this Motion is one change. At Wise's deposition, she was given a letter from Daniel Fisher, In-House Counsel for the Defendant to Gloria Contreras ("Contreras"), the Investigator assigned to Plaintiff's New Mexico Human Rights Division charge, and Wise's statement to Contreras. After reviewing both of these documents , Wise was

asked if "there is anything about [these two documents] with which you disagree." Wise responded "No, sir." In her correction change Wise changed her earlier testimony to "Yes, sir" and added additional testimony. Such a material change of testimony is impermissible. <u>Burns v. Bd. of County Comm'rs</u>, 330 F.3d 1275, 1282 (10th Cir. 2003) (The Court held that rule 30 "cannot be interpreted to allow one to alter what was said under oath. If that were the case, one could merely answer the questions with no thought at all and then return home and plan artful responses. Depositions differ from interrogatories in that regard. A deposition is not a take home examination.").

*Motion to Exclude Len Metheny from Testifying at Trial*.

Defendant did not name Len Metheny ("Metheny") in its initial disclosures or in its portion of the Initial Pretrial Report (Docket No. 18). Nor was Metheny disclosed in Defendant's responses to Plaintiff's first set of interrogatories and requests for production. Defendant first disclosed Metheny as a witness in the Pretrial Order. Defendant did not timely disclose Metheny as a witness and thus Metheny will be excluded from testifying in this matter. Fed.R.Civ. P. 37(c)(1); <u>Searles v. Van Bebber</u>, 251 F.3d 869, 877 (10th Cir. 2001) (upholding district judge's exclusion of witnesses for failure to comply with disclosure requirements).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion in Limine No. 1 [Motion to Strike Correction Page of Jennifer Wise] (Docket No. 87) is granted and Wise's correction regarding whether she disagreed with anything in a letter from Daniel Fisher, In-House Counsel for the Defendant, to Gloria Contreras, the Investigator assigned to Plaintiff's New Mexico Human Rights Division charge and Wise's statement to Ms. Contreras is stricken.

**IT IS FURTHER ORDERED** that Plaintiff's Motion in Limine No. 2 [Motion to Exclude Len Metheny from Testifying at Trial] (Docket No. 88) is granted and Len Metheny is excluded from

testifying in this matter.

                                                    **ALAN C. TORGERSON**
                                                    **UNITED STATES MAGISTRATE JUDGE**